## WESTERMAN ET AL. *v.* FOSTER ET UX.

CONVEYANCE NOT ACKNOWLEDGED.—*Record not Evidence.*—*Real Estate, Action to Recover.*—A conveyance of real estate, which has not been acknowledged by the grantor, is not entitled to be recorded, and, if recorded without such acknowledgment, the record is not admissible as evidence of title, in an action to recover the lands so conveyed.

SAME.—*Wabash and Erie Canal.*—*Trustees of.*—*Conveyance by.*—*Proof of Execution.*—Deeds of conveyance of real estate, purporting to be executed by the trustees of the Wabash and Erie Canal, are not admissible as evidence of title in the grantee, in an action by him to recover the possession of such real estate, upon evidence of the execution thereof by one only of such trustees; evidence of such execution by at least two of such trustees being necessary.

SAME.—*Pleading.*—*Amendment.*—*Amended Complaint.*—*Relief.*—*Judgment.*— By the filing of an amended complaint, the original complaint is superseded and forms no part of the record of, or issues in, the cause, and relief demanded in the latter, but omitted from the former, can not be granted by the finding or judgment.

From the Lake Circuit Court.

*M. Wood, T. J. Wood* and *T. J. Merrifield,* for appellants.

*E. C. Field, E. Griffin* and *J. W. Youche,* for appellees.

BIDDLE, C. J.—Complaint in the statutory form to recover the possession of land, with damages.

An answer in various paragraphs was filed, but no question is raised upon the pleadings. We do not, therefore, particularly state them.

Trial by the court, and finding that Burdett E. Foster, one of the appellees and the wife of George D. Foster, was owner in fee-simple of the lands described in the complaint, and entitled to the possession thereof, and for one hundred and fifty dollars damages; and, also, that a certain dam on the premises be abated.

Motion for a new trial overruled; exception; judgment on the finding, with costs, and an appeal to this court.

At the trial, the appellees offered in evidence the rec-

ord of a deed from the trustees of the Wabash and Erie Canal, signed D. M. Dunn and Thomas Dowling, conveying a portion of the lands in controversy to William H. Levering. To the introduction of the record of this deed as evidence the appellants objected, pointing out, as the ground of their objection, that the deed had never been acknowledged; but the court overruled the objection, and admitted the record of the deed in evidence. The appellants excepted to this ruling, assigned it as a cause for a new trial, and properly reserved their exceptions.

The record did not show that the deed had ever been acknowledged by the grantors. It was not such a conveyance as was entitled to be recorded. 1 R. S. 1876, p. 365, sec. 18. Not being entitled to be recorded, the record of it was not evidence. 2 R. S. 1876, p. 150, sec. 283. We think the court erred in receiving the record of the deed in evidence.

The records of two deeds from the trustees of the Wabash and Erie Canal to William W. Haney were also offered in evidence by the appellees, and objected to upon the same grounds by the appellants, but the court admitted them.

These rulings were also erroneous, for the reasons above stated. These conveyances were necessary links in the chain of the appellees' title.

The appellees next offered the original deeds above described, and called a witness to prove their execution, who testified:

"My name is Amos Allman; my occupation, abstracting; have been recorder and deputy-recorder of Lake county ten or fifteen years. I am acquainted with the signature of Thomas Dowling, one of the trustees of the Wabash and Erie Canal. The signature of the deed from the board of the Wabash and Erie Canal, which I hold in my hand," (deed No. 2761, as copied above,) "purporting

to be the signature of the said Dowling, is his signature. I have recorded hundreds of these deeds from the board of trustees of the Wabash and Erie Canal, which were signed exactly like the one I hold in my hand. In case of all of those deeds, Dowling's signature was associated with the same signatures as it is in this deed. The signatures of the other two trustees were the same in all of those deeds as in the present one. I never saw Thomas Dowling personally; I never saw him write his name, but I have written letters to him, and have frequently received letters from him in answer to such as I have written to him. The signature to all these letters was the same as to this deed I hold in my hand. Dowling may have had a secretary, but I do not know that he did."

Upon this testimony, which it was agreed should apply to all the original deeds from the board of trustees of the Wabash and Erie Canal, the appellees offered the original deeds in evidence. Each one was objected to by the appellants, upon the ground that its execution had not been proved, but the objections were overruled and the deeds admitted as evidence. To each of these rulings, exceptions were reserved.

Perhaps the testimony of Allman would have been sufficient evidence to allow the deeds to go to the jury, if their execution by Dowling alone could give them validity; but the proof of Dowling's signature was insufficient to admit the deeds as evidence, without the proof of at least one other signature of one of the three trustees. As to any other signature than Dowling's, no evidence whatever was offered.

In our opinion, the court erred in admitting the records of the deeds in evidence, because the deeds had never been acknowledged; and also, in admitting the original deeds, because their execution by at least two of the three trustees had not been proved.

The first complaint filed in this case consisted of a

single paragraph, alleging title to the lands in the appellees, and that the appellants constructed and maintained a dam, head-gates and other obstructions to the natural flow of the water over and across said land, with a prayer for damages.

At a subsequent term of the court, a motion was filed by the appellants to compel the appellees to make their complaint more specific, which motion was confessed, and leave to amend the complaint granted. Whereupon the appellees filed the amended complaint first mentioned in this opinion. This amended complaint, which superseded the first and put it out of the record, is simply to recover the possession of the land, with damages, and contains no averment as to a dam, head-gates, or other obstructions. The appellants, at the time the court rendered the judgment, objected and excepted to its rendition in the form pronounced by the court, and have made this ruling one of their assignments of error.

We do not perceive how the court could properly render a judgment abating a dam, upon a complaint which contained no averment concerning a dam. The court must have based its finding and judgment upon the presumption, that the two complaints constituted but separate paragraphs of one complaint, but the record will not sustain this position. The amended complaint can not be held as merely making the original complaint more specific, nor as a second paragraph to the first complaint. It does not purport to make the first complaint more specific, nor to be an additional paragraph; indeed, it presents a wholly different cause of action, and purports to be an amended complaint, which supersedes the original complaint, and leaves it as if it was not in the record. This practice is well settled. See *Burnett* v. *Abbott*, 51 Ind. 254, and *Wyble* v. *McPheters*, 52 Ind. 393.

A question is made upon the weight of evidence, but we do not examine it, as we are of opinion that the judgment can not be sustained upon the complaint.

The judgment is reversed, with costs, and the cause remanded, with instructions to sustain the motion for a new trial, and for further proceedings.